Troy Krich (SBN 262566)
troy@tomgallagherlaw.com
Gallagher Krich, APC
3033 Fifth Ave, Suite 222
San Diego, CA 92103
Tel: (858) 926-5797
Fax: (858) 435-4369

Marc E. Hankin (SBN 170505)
Marc@HankinPatentLaw.com
Elodie Bardon (SBN: 352856)
Elodie@HankinPatentLaw.com
Hankin Patent Law, APC
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Evan M. Goldman (*pro hac vice* admission forthcoming)
Evan.Goldman@thefranchisefirm.com
Brett M. Buterick (*pro hac vice* admission forthcoming)
Brett.Buterick@thefranchisefirm.com
THE FRANCHISE FIRM LLP
225 Wilmington West Chester Pike, Suite 200
Chadds Ford, Pennsylvania 19317
Tel: (215) 965-9499

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRAK BOBA FRANCHISING LLC, a California Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>102 BOBA LLC, a Minnesota Limited Liability Company; NHI TRAN, an individual,<br><br>Defendants. | Case No. 5:24-cv-1760<br><br>**VERIFIED CIVIL COMPLAINT:**<br><br>1. **BREACH OF CONTRACT, INJUNCTIVE RELIEF;**<br>2. **BREACH OF CONTRACT, DAMAGES;**<br>3. **BREACH OF WARRANTY;**<br>4. **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW AND FALSE ADVERTISING LAW;**<br>5. **UNJUST ENRICHMENT; AND**<br>6. **VIOLATION OF THE DEFEND TRADE SECRETS ACT;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KRAK BOBA FRANCHISING LLC brings this Complaint for Injunctive Relief and Monetary Damages against Defendants 102 Boba LLC and NHI TRAN (collectively, the "Defendants"), and states:

1

## I. <u>JURISDICTION</u>

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different States, wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case over which this Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

## II. <u>VENUE</u>

3. Venue is proper in this Court under 19 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendant is subject to the court's jurisdiction with respect to this action in this district.

4. The Franchise Agreement (as defined below and attached hereto as **Exhibit 1**) requires arbitration of all claims arising out of or related to the parties' relationship, except for (among other things) "Franchisor's claims for injunctive or extraordinary relief" and further provides that "Franchisee and each Principal, if any, acknowledges that a violation of the covenants not to compete contained in this Agreement would result in immediate and irreparable injury to Franchisor for which no adequate remedy at law will be available [and . . . ] Franchisee and each Principal, if any, hereby consents to the entry of an injunction prohibiting any conduct by Franchisee or any Principal in violation of the terms of the covenants not to compete set forth in this Agreement."

## III.    <u>INTRODUCTION</u>

5. Krak Boba Franchising LLC ("KBF") is a leading franchisor of unique and modern bubble tea retail locations. Among its many well-established and valuable trademarks, KBF promotes and licenses to its franchisees the Krak Boba®

1  brand and distinctive Krak Boba trade dress. Through continuous operation and promotion in their marks, KBF's franchised bubble tea retail locations and brands are known for exacting standards, high quality products and services and consistency and dependability. KBF ensures its brand, products and services and their associated good will are preserved in each market through KBF's franchise agreements with its franchisees.

6. KBF's franchise agreement with the Defendants (the "Franchise Agreement") expires on November 20, 2032. Yet, in an effort to misappropriate and transfer the recipes, trade secrets, confidential information, and know-how for the Krak Boba® brand, the Defendants have started a competing business and brand under the tradename "102 Boba," operating out of very same location KBF approved for Defendants' Franchised Business.[1]

7. This violates provisions of the Franchise Agreement, including the Defendants' in-term covenant not to compete, which expressly prohibits Defendants from operating a competing business or communicating, divulging, or using for themselves or for the benefit of any other person or entity KBF's confidential information during the term of the Franchise Agreement. This and other provisions of the Franchise Agreement are designed to maintain goodwill for the Krak Boba® brand in the market and ensure continuous goods and services.

8. Based on Defendants' improper acts, KBF brings this action for preliminary injunction; breach of contract; breach of warranty; violation of California statutory law; violation of the Defend Trade Secrets Act; unjust enrichment; and temporary and preliminary injunctive relief of Franchise Agreement covenants designed to preserve goodwill in the Krak Boba® brand.

9. As a result of Defendants' unlawful conduct, KBF has suffered and, unless Defendants are enjoined, will continue to suffer irreparable injury. KBF therefore seeks injunctive relief, compensatory damages and other relief.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Franchise Agreement.

3

## IV. THE PARTIES

10. Plaintiff KBF is a California limited liability company with its principal business address located at 3907 Chicago Ave., Suite B, Riverside, CA 92507.

11. On information and belief, Defendant 102 Boba LLC ("102 Boba") is a limited liability company organized under the laws of the State of Minnesota and is and was, at all relevant times, doing business in Prior Lake, Minnesota and Brooklyn Center, Minnesota.

12. On information and belief, Defendant Nhi Tran ("Tran"), is and was, at all relevant times, a resident of Prior Lake, Minnesota, with a financial interest in 102 Boba.

## V. GENERAL ALLEGATIONS

13. KBF is a franchisor of Krak Boba® retail outlets that feature bubble tea and other beverage and food products.

14. KBF operates using the following marks (collectively referred to herein as the "KRAK BOBA® Marks"):

    a. U.S. Reg. No. 6,988,293 (incontestable) for the mark KRAK BOBA for "bubble tea shops" and "restaurant and café services," in International Class 43 with a registration date of February 28, 2023; and

    b. U.S. Reg. No. 6,988,294 (incontestable) for KRAK BOBA (& Design) mark below for "bubble tea shops" and "restaurant and café services," in International Class 43 with a registration date of February 28, 2023. A true and correct copy of these registrations are attached hereto as **Exhibits 2** and **3**.

15. Since 2021, KBF has excelled in its competitive marketplace by establishing a distinctive and innovative (the "System") for the operation of its franchises, which includes all trade secrets, business methods and

strategies, confidential business information and all goodwill associated with the Krak Boba® Marks.

16. KBF has spent substantial sums of money, time and effort developing the System in its competitive marketplace. KBF's efforts have benefited both customers and franchisees alike.

17. KBF operates using, and licenses others to use, recipes, trade secrets, goods, and products related to the System.

18. KBF has 15 open and operating franchises located throughout the United States.

19. As a result of KBF's extensive experience in the industry, KBF has developed and perfected distinctive methods and procedures for the operation of such franchised businesses using the System, which it grants use of to franchisees pursuant to written franchise agreements.

20. This System consists of distinctive methods and procedures to offer and sell certain products; distinctive methods and procedures for marketing and advertising menu offerings; methods, and procedures for efficient operation of the franchised business; operations manuals and training courses; and certain other trade secrets and proprietary information, as designated by KBF.

21. Under the franchise agreements, each franchisee is granted an approved territory from which the franchisee is authorized to operate.

22. KBF agrees not to establish another franchised or corporate-owned business within each franchisee's assigned geographic territory during the term of the franchise agreement.

23. In exchange, franchisees agree to comply with the system standards and pay royalties and other fees owed in connection with the operation of the Franchised Business.

24. To induce KBF to enter into franchise agreements and to

provide franchisees access to KBF's proprietary System, franchisees also agree to in-term and reasonable post-termination non-competition covenants.

25. The covenants are designed to protect KBF's business interests, such as:

    a. KBF's customer relationships;

    b. The goodwill associated with the KBF's names and marks, which all franchisees acknowledge inures exclusively to KBF's benefit;

    c. KBF's confidential and proprietary recipes, trade secrets, know-how, methods of operation, and operating system, and the competitive edge they afford KBF and its authorized franchisees; and

    d. KBF's ability to refranchise the territory and thereby protect the goodwill associated with its brand in the market.

## VI. STATEMENT OF FACTS

### A. Defendants Entered into the Franchise Agreement and Received Substantial Training, Confidential Information, and Know-How

26. On November 20, 2022, KBF entered into the Franchise Agreement with Nhi Tran, to operate a Krak Boba® retail shop at a location to be determined in the Prior Lake, Minnesota area. Attached hereto as **Exhibit 1** is a true and correct copy of the Franchise Agreement.

27. On March 14, 2023, KBF and Tran amended the Franchise Agreement to add Tran's entity, 102 Boba (which Tran represented and warranted she is the sole member of), as a party to the Franchise Agreement (the "Amendment"). Attached hereto as **Exhibit 4** is a true and correct copy of the Amendment.

28. As a result of this Amendment, 102 Boba assumed all contractual obligations under the Franchise Agreement and Tran represented, warranted, and agreed to remain personally liable for the performance of same.

29. On or about April 18, 2023, KBF and 102 Boba agreed, in writing, that 102 Boba would operate its Franchised Business at 1560 Shingle Creek Pkwy Suite

116, Brooklyn Center, MN 55430 (the "Approved Location").

30. In anticipation of 102 Boba opening and operating the Franchised Business at the Approved Location, Defendant Tran received extensive assistance and training from KBF. By way of example, KBF provided the following assistance to Defendants:

    a. Access to KBF's confidential and proprietary operations manual, which contained all information and know-how necessary to open and operate a KBF Franchised Business including, but not limited to, proprietary recipes, system procedures, and service requirements and obligations.

    b. In or about April 17, 2023, KBF representatives provided in-person assistance to formulate, review, and approve store layout and design;

    c. In or about June 19, 2023, KBF representatives provided an in-person, approximately one-week training course for Tran and certain additional members of Tran's staff (including a manager) at KBF's corporate and affiliate locations in Westminster, California, Ontario, California, and Riverside, California;

    d. Extensive training on KBF's proprietary recipes (including through provision of the digital KBF recipe book), which undergo rigorous testing and set KBF apart from its competitors.

**B. Defendants' Operation of a Competing Business at the Location**

31. Pursuant to Sections 2 and 4 of the Franchise Agreement, KBF granted a franchise to 102 Boba to operate the Franchised Business for ten (10) years from the date of the Franchise Agreement. As such, the Franchise Agreement is not set to expire until November 20, 2032.

32. Moreover, pursuant to Section 19.5.1 of the Franchise Agreement, Defendants agreed that during the term of the Franchise Agreement, Defendants would not "directly or indirectly, for themselves or through, on behalf of, or in conjunction with, any person or entity (i) divert, or attempt to divert, any

business or customer of the Franchised Business or of other franchisees in the System to any competitor, by direct or indirect inducement or otherwise; (ii) participate as an owner, partner, director, officer, employee, consultant or agent or serve in any other capacity in any restaurant or food service business featuring bubble tea; or (iii) do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Marks and the System or (iv) in any manner interfere with, disturb, disrupt, decrease or otherwise jeopardize the business of the Franchisor or any Krak Boba franchisees or Franchisor-affiliated outlets."

33.　　Defendants further agreed pursuant to Section 19.5.2 that for a period of twenty-four (24) months after expiration or termination of the Franchise Agreements, Defendants would not "directly or indirectly, for themselves or through, on behalf of or in conjunction with any person or entity (i) divert, or attempt to divert, any business or customer of the Franchised Business or of other franchisees in the System to any competitor, by direct or indirect inducement or otherwise; or (ii) participate as an owner, partner, director, officer, employee, consultant or agent or serve in any other capacity in any restaurant or food service business featuring bubble tea or similarly prepared beverages within fifty (50) miles of the Territory or any Krak Boba location; or (iii) do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Marks and the System or (iv) in any manner interfere with, disturb, disrupt, decrease or otherwise jeopardize the business of the Franchisor or any Krak Boba franchisees."

34.　　KBF's covenants not to compete are an important part of its established System. Other KBF franchisees, partners, and affiliates, rely on the covenants and KBF's enforcement of it to protect the investments they have made in their own businesses. The covenants protect KBF's ability to retain customers by virtue of its goodwill and reputation.

35. Additionally, KBF's covenants maintain the integrity of the entire business network. If Defendants are allowed to compete in the same location, and/or territory KBF permitted, KBF will lose sales, goodwill, and market presence, in a market it has planned entry into with Defendants for nearly two years. The covenants also protect KBF's confidential information.

36. Defendants are obligated to abide by all in-term covenants (and to the extent Defendants assert they have terminated the Franchise agreement, post-term covenants), including the non-competition obligation.

37. As of the date of this filing, Defendants have opened and are operating a business at the Approved Location under the tradename "102 Boba," offering a nearly identical menu to that of KBF, using KBF's trade secrets, recipes, and other intellectual property, in violation of their in-term covenant not to compete.

38. By way of example, 102 Boba's menu categories for its beverage offerings are nearly identical to that of KBF:

| 102 Boba Categories | Krak Boba Categories |
|---|---|
| Coffee | Coffee |
| Fresh Tea | Fruit Teas |
| Milk Tea | Milk Teas |
| Smoothie | Smoothies |
| Specialty | Specialties |
| Yogurt Drink | Yogurts |

39. Within those categories, 102 Boba is offering identical products for a substantial number of its menu offerings, including:

| Category | 102 Boba Menu Item | Krak Boba Menu Item |
|---|---|---|
| Coffee | 102 Vietnamese Milk Coffee | Vietnamese Coffee |
| Fresh Tea | Black Tea | Black Tea |
| | Jasmine Green Tea | Jasmine Green Tea |
| Milk Tea | Black Milk Tea | Black Milk Tea |
| | Brown Sugar Milk Tea | Brown Sugar Milk Tea |

| Category | 102 Boba Menu Item | Krak Boba Menu Item |
|---|---|---|
| | Caramel Milk Tea | Caramel Milk Tea |
| | Classic Milk Tea | Classic Milk Tea |
| | Coconut Milk Tea | Coconut Milk Tea |
| | Matcha Milk Tea | Matcha Milk Tea |
| Smoothie | Mango Smoothie | Mango Smoothie |
| | Strawberry Smoothie | Strawberry Smoothie |

40. Defendants' failure to abide by the Franchise Agreement's in-term covenant not to compete, and continued use of KBF's confidential information, trade secrets, and business practices, in connection with the operation of a retail location offering competitive products at the Approved Location for Defendants' KBF franchise has caused, and is continuing to cause, irreparable harm.

41. KBF has been damaged, and will continue to be damaged, by the Defendants' actions.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Breach of Contract, Injunctive Relief

### (As Against All Defendants)

42. KBF re-avers all prior paragraphs as if fully set forth herein.

43. The Franchise Agreement, together with all of its related and incorporated documents and amendments, constitutes a valid and binding contract between KBF and Defendants.

44. The Franchise Agreement is a valid contract executed by Tran and assumed by 102 Boba.

45. Defendants collectively breached the Franchise Agreement by operating a retail business offering the same or similar products at the Approved Location during the term of the Franchise Agreement, an action expressly prohibited by Section 19.5.1 of the Franchise Agreement.

46. KBF has fully and fairly performed all of obligations under the Franchise Agreement.

47. As a result of Defendants' willful and intentional conduct Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to KBF.

48. KBF's remedy in the form of damages for this breach of duties under the Franchise Agreement will be inadequate to protect KBF's rights, including because KBF stands to suffer substantial loss of goodwill and damage to its reputation.

## SECOND CLAIM FOR RELIEF

### Breach of Contract, Damages

### (As Against All Defendants)

49. KBF re-avers all prior paragraphs as if fully set forth herein.

50. The Franchise Agreement, together with all of its related and incorporated documents and amendments, constitutes a valid and binding contract between Defendants and KBF.

51. Defendants collectively breached the Franchise Agreement by operating a retail business offering the same or similar products at the Location during the term of the Franchise Agreement, an action expressly prohibited by Section 19.5.1 of the Franchise Agreement.

52. KBF has fully and fairly performed all of obligations under the Franchise Agreement.

53. As a result of Defendants' operation of a competing business at the Location, KBF has been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Breach of Warranty

### (As Against Nhi Tran)

54. KBF re-avers all prior paragraphs as if fully set forth herein.

55. When the Franchise Agreement was amended to add 102 Boba as a party to the Franchise Agreement through the Amendment, Nhi Tran individually represented and warranted she would "remain personally liable for the performance of all obligations of the franchisee under the Franchise Agreement [. . . .]"

56. Defendants collectively breached the Franchise Agreement by operating a retail business offering the same or similar products at the Location during the term of the Franchise Agreement, an action expressly prohibited by Section 19.5.1 of the Franchise Agreement.

57. KBF has fully and fairly performed all of obligations under the Franchise Agreement.

58. Although KBF performed all its obligations under the Franchise Agreement, Nhi Tran breached the Amendment when 102 Boba breached the Franchise Agreement by operating a competing business at the Location.

59. Plaintiff has been damaged as a result of Nhi Tran's conduct. Nhi Tran should be ordered to require 102 Boba to comply with the terms of the Franchise Agreement and/or ordered to pay damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

**Violation of California's Unfair Competition Law and False Advertising Law**

**(As Against All Defendants)**

60. KBF re-avers all prior paragraphs as if fully set forth herein.

61. Defendants are using KBF's recipes, trade secrets, confidential information and know-how to market and sell the products and services provided from the Location through a competing business.

62. Defendants have and will continue to use KBF's recipes, trade secrets, and confidential information to obtain customers.

63. The unlawful conduct of Defendants described herein constitutes unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Business and Professions Code section 17200, and the False Advertising Law (FAL)

Code section 17500.

64. As a direct and proximate result of Defendants' wrongful conduct, KBF has suffered damages to the value of the KBF's System, reputation, and goodwill and KBF continues to incur monetary damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### Unjust Enrichment

### (As Against All Defendants)

65. KBF re-avers all prior paragraphs as if fully set forth herein.

66. Defendants have knowingly and intentionally misappropriated confidential information in furtherance of their operation of their business from the Approved Location and using the same recipes, and methods of operation.

67. Defendants are parties to the Franchise Agreement, and Defendants are aware of contents thereof, such that KBF expects to be compensated and that Defendants should compensate KBF for use of the KBF's recipes, trade secrets, confidential information and know-how as set forth in the Franchise Agreement.

68. Defendants knowingly retain these benefits, to which they are not rightfully entitled, at the expense and to the damage of KBF.

69. There is no adequate remedy at law that will protect KBF from continued irreparable injury or fully compensate it for the damage caused by Defendants' wrongful conduct, and KBF therefore seeks to be compensated in an amount the Court should find just and proper according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### Violation of the Defend Trade Secrets Act (the "DTSA")

### (As Against All Defendants)

70. KBF re-avers all prior paragraphs as if fully set forth herein.

71. The DTSA provides a private civil action for the misappropriation of trade secrets that are related to a product or service used in interstate or foreign

commerce.

72. KBF owns numerous trade secrets, including without limitation, its recipe book and other information it deems confidential.

73. KBF's trade secrets implicate interstate commerce, and each of the Defendants are engaged in interstate commerce.

74. Throughout KBF's existence, KBF has carefully developed and refined its trade secrets, which are key ingredients of their continued success.

75. KBF's trade secrets provide independent economic value as KBF uses the confidential information and recipe book to procure and maintain customers, through competitive pricing and confidential and proprietary processes and procedures.

76. KBF's confidential information is not generally known and is not readily ascertainable by proper means.

77. KBF has taken extensive measures to preserve and protect its trade secrets for the purpose of maintaining its competitive advantage, and only discloses such information to officers, employees and licensees who have promised to keep the confidential information strictly confidential to only use it in connection with a KBF Business.

78. KBF took steps to prevent disclosure of its confidential information, including, but not limited to mandating those with access sign confidentiality agreements, and preventing its confidential information from being accessed by the public. Defendants have intentionally disclosed KBF's trade secrets to others for their benefit and/or the benefit of third parties with knowledge that such disclosure would harm KBF.

79. As a direct and proximate result of each of the Defendants' willful, improper, and unlawful disclosure of KBF's confidential information, KBF has suffered and will continue to suffer immediate and irreparable harm. Pursuant to 18 U.S.C. § 1836(b)(3)(B), KBF is entitled to recover damages for its actual losses, and

to prevent Defendants' unjust enrichment. Pursuant to 18 U.S.C. § 1836(b)(3)(A), the Court should enjoin Defendants' use and misappropriation of KBF's confidential information.

80. Each of the Defendants' misappropriation of KBF's Confidential Information is willful and malicious, thus warranting an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and an award of reasonable attorneys' fees under 18 U.S.C

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant it the following relief:

A. An order that the Defendants, their officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with it, be enjoined preliminarily and permanently from:

(i) using the Krak Boba® Marks, or any other logo, device, trade dress, domain name or word mark that is a colorable imitation of, or is

confusingly similar to, the Marks or any of them, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product neither originating from nor authorized by KBF;

(ii) representing in any manner or by any method whatsoever, that goods, services or other products provided by the Defendants are sponsored, approved, authorized by or originate from KBF or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

(iii) infringing, diluting, and/or tarnishing the distinctive quality of the Krak Boba® Marks, or any of them;

        (iv)    unfairly competing with KBF in any manner;

B. The entry of a preliminary and permanent injunction prohibiting Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concern with them, from

    (i)    Operating a competing business offering boba teas to the general public (or similar establishment) at the Approved Location during the term of the Franchise Agreement and for a period of two years within fifty (50) miles thereof;

    (ii)    Maintaining, using, or disclosing Plaintiff's highly confidential recipe book; and

    (iii)    Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

C. That the Defendants, within thirty days after service of judgement with notice of entry thereof upon it, be required to file with the Court and serve upon KBF's attorneys a written report under oath setting forth in detail the manner in which the Defendants have complied with the above-mentioned paragraphs; and

D. That the Defendants be required to account for and pay over to KBF the profits received and the cumulative damages sustained by KBF by reason of the Defendants' unlawful acts of trademark infringement, false designation of origin, dilution, and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to KBF.

E. That the Court order restitution and/or disgorgement of

Defendants' profits to KBF;

F. That KBF be awarded its reasonable costs and attorneys' fees;

G. That KBF be awarded punitive damages;

H. Entering judgment in its favor for the damages caused by Defendants' wrongful conduct with respect to the breaches of, and tortious interference with, the Franchise Agreement;

I. Granting an award for interest, costs and attorney's fees pursuant to the Franchise Agreements, or statutory or common law; and

J. Granting such other and further relief as the Court deems equitable, just and proper.

Respectfully Submitted,

**HANKIN PATENT LAW, APC**

Dated: August 15, 2024        By: */Marc E. Hankin/*
Marc E. Hankin
Attorney for Plaintiff,
KRAK BOBA FRANCHISING LLC

## DEMAND FOR JURY TRIAL

Krak Boba Franchising LLC, the Plaintiff in this action, hereby demands trial by jury on all claims and issues so triable.

Dated: August 15, 2024

Respectfully submitted,
**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.

Attorneys for Plaintiffs,
KRAK BOBA FRANCHISING LLC

VERIFIED CIVIL COMPLAINT

## VERIFICATION

I, Tin Do, certify as follows:

1. I am the Chief Executive Officer of Krak Boba Franchising LLC, the Plaintiff in this action.

2. I have read the foregoing VERIFIED CIVIL COMPLAINT in the above-entitled action and know the contents thereof, and the same is true to the best of my own knowledge and belief.

3. I declare under penalty of perjury that the foregoing is true and correct. Executed in Riverside, CA on August 15, 2024.

*[signature]*

Tin Do, Chief Executive Officer
Krak Boba Franchising LLC